1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Powell HINSON, Defendant-Appellant.
 No. 92-6174.
 United States Court of Appeals, Sixth Circuit.
 July 12, 1993.
 
 Before MARTIN, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Powell Hinson appeals the sentence imposed by the district court following his guilty plea to possession of a firearm by a felon. We remand this case for resentencing.
 
 
 2
 On April 30, 1992, Hinson pled guilty to one count of possession of a firearm by a felon, a violation of 18 U.S.C. Secs. 922(g)(1), 924(a)(2), and two counts of making a false statement in connection with the acquisition of a firearm, violations of 18 U.S.C. Secs. 922(A)(6), 924(a)(1)(A).
 
 
 3
 The probation officer prepared a presentence report and determined that Hinson had a base offense level of twelve under United States Sentencing Guideline section 2K2.1[1] and a criminal history category of VI, the maximum category. The probation officer determined that Hinson had nineteen criminal history points, yet only thirteen points are required to be placed in criminal history category VI. The probation officer therefore recommended that the district court upwardly depart from the sentence mandated by the guidelines to reflect the fact that Hinson has six more criminal history points than necessary to place him in category VI.
 
 
 4
 Hinson objected to the probation officer's presentence report. Hinson argued that the firearm he possessed, a single-shot bolt-action .22-calibre rifle, was for sporting purposes only; thus, under U.S.S.G. Sec. 2K2.1(b)(2), he should have an offense level of only six.
 
 
 5
 At Hinson's sentencing hearing, the district court determined that he possessed the rifle for sporting purposes only, a finding which is not clearly erroneous. Thus, under U.S.S.G. Sec. 2K2.1, he should have received an offense level of six, but the district court apparently erred and gave Hinson a total offense level of four. The district court also placed Hinson in criminal history category VI. Under the guidelines, a total offense level of four and criminal history category of VI mandates a sentencing range of six to twelve months. A total offense level of six and a criminal history category of VI, however, mandates a sentencing range of twelve to eighteen months under the guidelines.
 
 
 6
 At the sentencing hearing, the district court decided to depart from the sentencing range that it thought was applicable to Mr. Hinson. The district court decided that Hinson's criminal history category did not reflect the seriousness of his past offenses and that U.S.S.G. Sec. 4A1.3 authorized an upward departure from the guideline range. However, under the amendments to the commentary, such justification for an upward departure was improper. The district court then sentenced Hinson to two years' imprisonment. At the sentencing hearing, the district court failed to provide the defendant an opportunity to speak regarding his sentence.
 
 
 7
 Hinson now appeals his sentence, arguing that he should be resentenced in conformity with Rule 32, that the district court should not have departed from the applicable guideline range, and that the district court did not provide him with sufficient notice that it was contemplating departure from the applicable guideline range. The United States agrees that Hinson should be resentenced in conformity with Rule 32.
 
 
 8
 Rule 32 of the Federal Rules of Criminal Procedure provides that, at the sentencing hearing, the court shall "address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." Rule 32 must be strictly followed. Green v. United States, 365 U.S. 301 (1961). Failure to comply with Rule 32 requires that the case be remanded for resentencing. E.g., United States v. Edgecomb, 910 F.2d 1309, 1315-16 (6th Cir.1990). We therefore remand this case for resentencing.
 
 
 9
 In reviewing this record, we also note that the district court failed adequately to set out a record of why the "criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes," U.S.S.G. Sec. 4A1.3, and because it is unclear from the record that the degree of departure was reasonable. See United States v. Rodriguez, 882 F.2d 1059, 1067 (6th Cir.1989), cert. denied, 493 U.S. 1084, 110 S.Ct. 1144 (1990). Upon resentence, these factors should be addressed.
 
 
 10
 Judgment reversed and the case is remanded for resentencing.
 
 
 
 [1]
 For purposes of this opinion, all references made to the United States Sentencing Guidelines are to the guidelines effective on the date of sentencing, September 4, 1992